1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND D. JACKSON, SR.,

11            Plaintiff,                    No. CIV S-09-1261 EFB P

12        vs.

13   B.C. WILLIAMS, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* 28 U.S.C.

19   § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

20        Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

21   His declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by

22   separate order, the court directs the agency having custody of plaintiff to collect and forward the

23   appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

24   However, this does not end the inquiry.  The court must also review the complaint pursuant to 28

25   U.S.C. § 1915A to determine whether it states a claim.

26   ////

1

1    The court has reviewed plaintiff's complaint, and for the limited purposes of § 1915A

2    screening, finds that it states cognizable First Amendment claims against defendant Williams.

3    *See* 28 U.S.C. § 1915A.  The complaint does not state a cognizable claim against defendants

4    Hudnall, Haydenfield or California Department of Corrections and Rehabilitation (CDCR).

5    The Civil Rights Act under which this action was filed provides:

6    Every person who, under color of [state law] . . . subjects, or causes to be
     subjected, any citizen of the United States . . . to the deprivation of any rights,
7    privileges, or immunities secured by the Constitution . . . shall be liable to the
     party injured in an action at law, suit in equity, or other proper proceeding for
8    redress . . . .

9    42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

10   establish the defendant's personal involvement in the constitutional deprivation or a causal

11   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

12   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

13   (9th Cir. 1978).

14   A district court must construe a pro se pleading "liberally" to determine if it states a

15   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

16   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

17   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

18   action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

19   1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

20   must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

21   plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

22   A claim has facial plausibility when the plaintiff pleads factual content that allows
     the court to draw the reasonable inference that the defendant is liable for the
23   misconduct alleged. The plausibility standard is not akin to a "probability
     requirement," but it asks for more than a sheer possibility that a defendant has
24   acted unlawfully. Where a complaint pleads facts that are merely consistent with a
     defendant's liability, it stops short of the line between possibility and plausibility
25   of entitlement to relief.

26   *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

1   framework of a complaint, they must be supported by factual allegations, and are not entitled to

2   the assumption of truth.  *Id.* at 1950.

3          Plaintiff specifically alleges that defendant Williams' actions caused plaintiff's state

4   court action based on a hazardous condition on the prison yard handball courts, to be dismissed.

5   Compl. at 6.  As for defendant Haydenfield, however, plaintiff claims only that Haydenfield

6   caused plaintiff to miss a June 6, 2008 court call.  *Id.* at 7.  Plaintiff does not indicate whether

7   this call was part of the same lawsuit that Williams allegedly interfered with, or if it relates to a

8   second lawsuit plaintiff was litigating.  To state a claim he was denied access to the courts,

9   plaintiff must allege that  the deprivation actually injured his litigation efforts.  *Lewis v. Casey*,

10  518 U.S. 343, 350-55 (1996).  It is plaintiff's responsibility to allege facts to state a plausible

11  claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

12  2009).  Plaintiff's conclusory allegations against defendant Haydenfield do not meet the

13  plausibility standard.

14         As for defendant Hadnall, plaintiff claims only that he denied and/or ignored plaintiff's

15  inmate appeals regarding Williams' alleged interference with plaintiff's ability to access to the

16  courts.  Compl. at 6.   Plaintiff may not impose liability on Hadnall on this basis.  There are no

17  constitutional requirements regarding how a grievance system is operated.  *See Ramirez v.*

18  *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty

19  interest in the processing of his appeals does not violate due process because prisoners lack a

20  separate constitutional entitlement to a specific prison grievance system).  Therefore, the alleged

21  failings of defendant Hadnall cannot support a claim for relief for violation of a constitutional

22  right.

23         To state a claim for conspiracy, plaintiff must allege specific facts showing two or more

24  persons intended to accomplish an unlawful objective of causing plaintiff harm and took some

25  concerted action in furtherance thereof.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57

26  (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for

                                                    3

conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).   Plaintiff has not alleged specific facts showing that defendant agreed to accomplish an unlawful objective.  Nor does he allege facts from which any agreement could be inferred. Therefore, plaintiff fails to state a claim for conspiracy.

Finally, state agencies, such as the CDCR, are not "persons" within the meaning of section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969).   Further, they are entitled to absolute immunity from monetary damages actions under the Eleventh Amendment.  *Quern v. Jordan*, 440 U.S. 332, 337-45 (1979); *see also Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").  CDCR must therefore be dismissed from this action.

Plaintiff may proceed forthwith to serve defendant Williams and pursue his claims against only him or he may delay serving any defendant and attempt to state cognizable claims against defendants Haydenfield and Hadnell.

If plaintiff elects to attempt to amend his complaint to state cognizable claims against defendants Haydenfield and Hadnell, he has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff elects to proceed forthwith against defendant Williams, against whom he has stated cognizable claims for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against the remaining defendants without prejudice.

1   Any amended complaint must show that the federal court has jurisdiction and that

2   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

3   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

4   defendant only persons who personally participated in a substantial way in depriving plaintiff of

5   a federal constitutional right.  *Johnson*, 588 F.2d at 743 (a person subjects another to the

6   deprivation of a constitutional right if he does an act, participates in another's act or omits to

7   perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

8   contends he was the victim of a conspiracy, he must identify the participants and allege their

9   agreement to deprive him of a specific federal constitutional right.

10   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

11   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

12   Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

13   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

14   Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The

15   controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, []

16   as independent or as alternate claims, as many claims . . . as the party has against an opposing

17   party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1

18   should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against

19   different defendants belong in different suits, not only to prevent the sort of morass [a multiple

20   claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

21   filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

22   appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C.

23   § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P.

24   20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction

25   requirements are satisfied).

26   ////

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

////

1    A prisoner may bring no § 1983 action until he has exhausted such administrative

2    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

3    *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

4    departmental decision, action, condition, or policy which they can demonstrate as having an

5    adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*.   An appeal must

6    be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

7    "action requested."  Therefore, this court ordinarily will review only claims against prison

8    officials within the scope of the problem reported in a CDC form 602 or an interview or claims

9    that were or should have been uncovered in the review promised by the department.  Plaintiff is

10   further admonished that by signing an amended complaint he certifies his claims are warranted

11   by existing law, including the law that he exhaust administrative remedies, and that for violation

12   of this rule plaintiff risks dismissal of his entire action, including his claims against defendant

13   Williams.

14       Accordingly, the court hereby orders that:

15       1.  Plaintiff's request to proceed *in forma pauperis* is granted.

16       2.  Plaintiff must pay the statutory filing fee of $350 for this action.  All payments shall

17   be collected and paid in accordance with the notice to the Director of the California Department

18   of Corrections and Rehabilitation filed concurrently herewith.

19       3.  The allegations in the pleading are sufficient at least to state cognizable First

20   Amendment claims against defendant Williams.  *See* 28 U.S.C. § 1915A.

21       4.  Claims against CDCR are dismissed without leave to amend.  All claims against the

22   remaining defendants are dismissed with leave to amend.  Within 30 days of service of this

23   order, plaintiff may amend his complaint to attempt to state cognizable claims against

24   Haydenfield and Hadnell.  Plaintiff is not obligated to amend his complaint.

25       5.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a

26   copy of the pleading filed May 7, 2009, one USM-285 forms and instructions for service of

process on defendant Williams.  Within 20 days of service of this order plaintiff may return the

attached Notice of Submission of Documents with the completed summons, the completed

USM-285 form, and two copies of the May 7, 2009 complaint.  The court will transmit them to

the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendant

Williams will be required to respond to plaintiff's allegations within the deadlines stated in Fed.

R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith

as consent to an order dismissing his defective claims against the remaining defendants without

prejudice.

     6.  Failure to comply with this order will result dismissal.

Dated:  February 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8

1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10 RAYMOND D. JACKSON, SR.,

11       Plaintiff,         No. CIV S-09-1261 EFB P

12    vs.

13 B.C. WILLIAMS, et al.,

14       Defendants.    NOTICE OF SUBMISSION OF DOCUMENTS

15 _____/

16    Plaintiff hereby submits the following documents in compliance with the court's order

17 filed _____:

18      __1__     completed summons form

19      __1__     completed forms USM-285

20      __2__     copies of the May 7, 2009 Complaint

21

Dated:

22

23              _____
                     Plaintiff

24

25

26