IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON, SR.,

      Plaintiff,        No. CIV S-09-1261 EFB P

      vs.

B.C. WILLIAMS, et al.,

               ORDER AND
      Defendants.     FINDINGS AND RECOMMENDATIONS
_____/

   Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's May 7, 2009 complaint, wherein plaintiff alleges that defendant Williams violated his First Amendment rights. Plaintiff claims that (1) defendant caused plaintiff's state court lawsuit to be dismissed, thereby denying plaintiff access to the courts and (2) that defendant retaliated against plaintiff for filing a lawsuit against defendant. Dckt. Nos. 1, 5.

   Currently pending is defendant's motion for summary judgment on plaintiff's access to the courts claim, as well as defendant's request for judicial notice of documents filed in plaintiff's state court action. Dckt. Nos. 18, 19. As discussed below, the court grants defendant's request for judicial notice, and finds that plaintiff's access to the courts claim fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). The court therefore

recommends that plaintiff's access to the courts claim be dismissed, that defendant's motion for summary judgment be denied as moot, and that this action proceed on plaintiff's First Amendment retaliation claim.

### I. Defendant's Request for Judicial Notice

Defendant requests that the court take judicial notice of Exhibit B to his motion for summary judgment, which consists of copies of the documents filed in, and endorsed by, the Solano County Superior Court in *Jackson v. Veal*, Case Number FCS030779. Defendant's request is hereby granted. *See* Fed. R. Evid. 201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"), (d); *see also MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### II. Access to the Courts Claim

Plaintiff alleges that defendant obstructed plaintiff's access to case management conference calls in a lawsuit initiated by plaintiff in the Solano County Superior Court. Dckt. No. 1 at 5[1] (referencing *Jackson v. Veal*, Case Number FCS030779). Defendant's alleged obstruction purportedly caused plaintiff's case to be dismissed, thereby depriving him of his constitutional right to access the courts. *Id.*

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "Meaningful access" to the courts is the touchstone of that right. *Id.* at 823. An inmate alleging a violation of this right must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). An actual injury is shown, for example, when inadequacies in the law library prevent the inmate from ever filing a complaint, or when a court dismisses the inmate's complaint for failure to satisfy a technical requirement that the inmate could not have

---

[1] This page number citation to plaintiff's complaint is to the page number reflected on the court's CM/ECF system and not to the page number assigned by plaintiff.

known about because of deficiencies in the prison's legal assistance facilities. *Id.* at 351. The "actual injury" requirement is satisfied only where the frustrated legal claim is a nonfrivolous direct criminal appeal, habeas corpus proceeding, or civil rights challenge to conditions of confinement. *Id.* at 353 n.3, 354-355 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."); *see also Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003); *Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or a civil rights complaint of a person in state custody will reach a court for consideration."). The right of access to the courts was only extended to "'civil rights actions' – i.e., actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights,'" because "the demarcation line between civil rights actions and habeas petitions is not always clear . . . ." *Lewis*, 518 U.S. at 354-55 (quoting *Wolf v. McDonnell*, 418 U.S. 539, 579 (1974)).

The case file reflects that plaintiff's state court action, Number FCS030779, was grounded exclusively on state law and was not a section 1983 action to vindicate plaintiff's constitutional rights. *See* Def.'s Mot. for Summ. J., Stmt. of Undisp. Facts in Supp. Thereof, Ex. B ("Def.'s Ex. B"), Attach. 1 (Endorsed Filed Copy of Complaint in Solano County Superior Court, dated January 14, 2008) (alleging gross negligence, reckless disregard, and premises liability based on plaintiff's alleged slip and fall caused by safety hazard on California Medical Facility's handball court). Before filing his slip and fall claim in state court, plaintiff tried, unsuccessfully, to pursue it in federal court as an Eighth Amendment claim pursuant to section 1983. *See Jackson v. Veal*, No. 2:07-cv-0397-MCE-KJM, Dckt. Nos. 1, 5, 6, 11, 13.[2] That action was dismissed on the grounds that plaintiff failed to state a claim upon which relief could be granted and that defendant was entitled to qualified immunity. *See Jackson v. Veal*, No. 2:07-cv-0397-MCE-KJM, Dckt. No. 21, Dckt. No. 20 at 3 ("Plaintiff's claim is, in essence, a claim of

---

[2] A court may take judicial notice of court records. *See MGIC Indem. Co.*, 803 F.2d at 504; *Wilson*, 631 F.2d at 119.

3

negligence. Neither negligence nor gross negligence translates to a constitutional deprivation, even if it causes injury."). *See also* Def.'s Ex. B, Attach. 7 (plaintiff's May 19, 2008 Motion for Telephonic Appearance filed in Case Number FCS030779, acknowledging that he had previously filed his slip and fall claim in federal court).

Plaintiff's constitutional right to access to the courts did not extend to his state tort lawsuit, a defect which cannot be cured by amendment. *See Lewis*, 518 U.S. at 355 (right of access "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims"). The court therefore recommends that plaintiff's access to the courts claim be dismissed with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.").

**III.    Defendant's Motion for Summary Judgment**

Defendant's motion for summary judgment addresses plaintiff's access to the courts claim only. *See* Def.'s Motion for Summ. J., Mem. of P. & A. in Supp. Thereof.  Defendant argues that summary judgment should be granted in his favor because (1) plaintiff's claim regarding his inability to appear telephonically fails as a matter of law because the right to access "is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court;" (2) assuming plaintiff's claim does not fail as a matter of law, it fails on the merits because plaintiff cannot show defendant's conduct hindered plaintiff's access to the courts; and (3) defendant is entitled to qualified immunity because he did not violate plaintiff's constitutional rights and his conduct was objectively reasonable. *Id.* at 6-8.

Because the court will recommend that plaintiff's access to the courts claim be dismissed with prejudice pursuant to § 1915(e)(2), the court will also recommend that defendant's motion for summary judgment be denied as moot. Accordingly, this action should proceed solely on plaintiff's retaliation claim.

4

**IV.     Conclusion**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's September 10, 2010 request for judicial notice is granted; and

2. The Clerk shall randomly assign a United States District Judge to this case.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's access to the courts claim be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2);

2. Defendant's September 10, 2010 motion for summary judgment be denied as moot; and

3. This action proceed solely on plaintiff's retaliation claim.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Within seven days of any order adopting this recommendation, either party may move to modify the deadline for filing dispositive motions.

5